IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN R. SENIOR, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3865 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner filed an application for writ of habeas corpus purportedly under 28 U.S.C. § 2244(b) to challenge his three 1991 state court convictions. (Docket Entry No. 1, p. 1.) Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because it plainly appears that petitioner is not entitled to habeas relief, his petition will be dismissed.

### Background

According to the instant petition and petitioner's civil complaint in *Senior v. Harris County District Attorney's Office*, C.A. No. 06-cv-2727 (S.D. Tex. 2006), petitioner was convicted of three state felony offenses in December of 1991, served his sentences, and is no longer in custody. In his civil lawsuit, petitioner sought to recover civil damages against some 156 defendants for malicious prosecution, defamation, and other causes of action arising from the convictions. The Court dismissed the civil lawsuit under *Heck v. Humphrey*,

512 U.S. 477 (1994). Petitioner then filed three state habeas applications and the instant habeas case, the latter construed by this Court as petitioner's attempt to set aside the 1991 convictions to meet the *Heck* conditions for seeking civil damages. (Docket Entry No. 2.)

The Court issued petitioner a show cause order, ordering him to show why this case should not be dismissed (1) for failure to exhaust, (2) as barred by the one-year statute of limitations, and (3) for lack of jurisdiction as petitioner's sentence was served and he is no longer in custody under the challenged convictions. (*Id.*) Petitioner's response (Docket Entry No. 3) asserts his belief that it is the State's obligation to exhaust remedies. He does not address the limitations and jurisdictional issues.

## Failure to Exhaust

A review of the records for the Texas Court of Criminal Appeals reflects that petitioner's state habeas applications remain pending as of the date of this dismissal. *Ex parte Senior*, Applications No. 66,315-01 through -03. As a result, petitioner has failed to exhaust his state court remedies and this petition is subject to dismissal for failure to exhaust.

## Limitations

Even assuming petitioner properly exhausted his remedies prior to seeking federal habeas relief, this petition is time-barred. Neither petitioner's pleadings nor this Court's review of the available records show that petitioner sought direct appeal of his 1991 convictions or state habeas relief prior to 2006.

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's convictions became final prior to AEDPA's 1996 effective date, petitioner had until April 24, 1997 to seek federal habeas relief. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir.

1998). He did not file this petition until 2006. Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state habeas petitions were filed *after* the one-year AEPDA limitation expired, and did not toll the AEDPA limitation. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor does petitioner's pleadings reveal any grounds for statutory exceptions to limitations or for equitable tolling. Accordingly, this petition is subject to dismissal as time-barred.

## Lack of Jurisdiction

Regardless, petitioner's pleadings show that he completed his sentences several years ago and is no longer in custody under the challenged convictions. Accordingly, this Court is without jurisdiction to consider petitioner's petition under 28 U.S.C. § 2254. To the extent petitioner seeks relief under 28 U.S.C. § 2244(b), that provision concerns successive federal habeas petitions and neither applies here nor provides independent grounds for jurisdiction.

Accordingly, this lawsuit is **DISMISSED FOR LACK OF JURISDICTION**. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on January 4, 2007.

Gray H. Miller
United States District Judge